IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ZARZAMORA RETAIL PARTNERS, LTD., § § § *Plaintiff*, § § § § v. § § § VOYAGER INDEMNITY § INSURANCE COMPANY and BILLY § BOUNDS, § § *Defendants*. | CIVIL ACTION No. 5:20-cv-486 |

## NOTICE OF REMOVAL

Defendant Voyager Indemnity Insurance Company ("Voyager Indemnity") files this Notice of Removal against Plaintiff Zarzamora Retail Partners, Ltd. ("Plaintiff") pursuant to 28 U.S.C. §§ 1441 and 1446, as follows:

### I.     INTRODUCTION

1. This case is removable because there is complete diversity between the parties in this litigation and the matter in controversy exceeds $75,000.00.

### II.     COMMENCEMENT AND SERVICE

2. On March 18, 2020, Plaintiff commenced this action by filing an Original Petition in the 438th Judicial District Court of Bexar County, Texas, styled Cause No. 2020CI05815, *Zarzamora Retail Partners, Ltd. v. American Security Insurance Company, et al.*[1] Because American Security Insurance Company was an incorrect defendant, Plaintiff filed an amended

---

[1] *See* Ex. B-1, Plaintiff's Original Petition.

petition on April 13, 2020 removing American Security Insurance Company as a defendant and substituting Voyager Indemnity as a defendant.[2]

3. Former Defendant American Security was formally served through its agent for service with the original petition and citation on March 23, 2020.[3] Voyager Indemnity was not formally served but has answered and appeared.[4]

4. Plaintiff named Billy Bounds as a Defendant, but he has not been served as of the filing of this Notice of Removal. Billy Bounds does not need to consent to removal because he is improperly joined, as discussed below. To the extent necessary, Mr. Bounds consents to the removal of this action.

5. This Notice of Removal is filed within thirty days of the receipt, through service or otherwise, of Plaintiff's Original Petition, and is timely filed under 28 U.S.C. § 1446(b)(1).[5] This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III.   GROUNDS FOR REMOVAL

6. Voyager Indemnity is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### IV.   DIVERSITY OF CITIZENSHIP

**A. Plaintiff and Voyager Indemnity are Completely Diverse.**

7. This is an action with complete diversity of citizenship between the Plaintiff and Voyager Indemnity.

---

[2] *See* Ex. B-2, Plaintiff's Amended Petition.
[3] *See* Ex. A, Executed Process.
[4] *See* Ex. B-3, Voyager Indemnity's Answer.
[5] Arguably, this matter did not become removable until Voyager Indemnity was named as a defendant on April 13, 2020. Under either analysis, this removal is timely filed.

Case 5:20-cv-00486 Document 1 Filed 04/20/20 Page 3 of 8

8. Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.[6] Plaintiff is a Texas limited partnership.[7] Its sole general partner is HTZ/C&O Partners I, LLC, a domestic limited liability company.[8] The members of HTZ/C&O Partners I, LLC are all Texas citizens.[9] For diversity purposes, the citizenship of a limited partnership is based upon the citizenship of each of its partners. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). The citizenship of an LLC is determined by the citizenship of all of its members. *Id.* Because Plaintiff's sole general partner is a domestic LLC, and that LLC's members are Texas citizens, Plaintiff is a Texas citizen.

9. Defendant Voyager Indemnity is a foreign insurance company formed in Georgia with its principal place of business in Atlanta, Georgia.[10]

10. State court defendant Billy Bounds is a Texas citizen.[11] Mr. Bounds's citizenship is, however, irrelevant for purposes of removal, because Voyager Indemnity accepted liability for Mr. Bounds before filing this Notice, and this case is removable based on improper joinder.

**B. Because Mr. Bounds was Improperly Joined, His Citizenship Must be Disregarded for Diversity Jurisdiction Purposes.**

11. For removal based on diversity jurisdiction to be appropriate, there must be complete diversity between all plaintiffs and all defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The doctrine of improper joinder is a narrow exception to this rule. *McDonal v. Abbott Labs*, 408 F.3d 177, 183 (5th Cir. 2005). If a court finds a non-diverse defendant was improperly joined, it may disregard that defendant's citizenship, dismiss him from the case, and exercise subject matter jurisdiction over the remaining diverse defendant. *See Flagg v. Stryker*

---

[6] *See* Ex. B-2, ¶ 3.
[7] *See* Ex. D, Citizenship Documents, at p. 1.
[8] *Id.* at pp. 1, 4.
[9] *Id.* at pp. 4–6.
[10] *Id.* at p. 7.
[11] *See* Ex. B-2, ¶ 5.

-3-

*Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). Improper joinder may be established by a plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).

12. Section 542A.006 of the Texas Insurance Code allows an insurer to accept whatever liability an agent may have to the claimant by providing written notice to the claimant of the decision to accept any such liability. TEX. INS. CODE § 542A.006(a). If an insurer makes such an election after suit is filed against the agent and the insurer, "the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(c). A court in this district and division recently explained the interplay between Section 542A.006 and improper joinder:

> A removing party's right to remove is "to be determined according to the plaintiffs' pleading at the time of the petition for removal." When an insurer makes an election under Section 542A.006, it is final and cannot be revoked or nullified, and it requires that the agent must be dismissed from the action, rendering a plaintiff "unable (not merely unlikely) to succeed on their claims" against a non-diverse agent. Accordingly, **where a diverse insurer elects to accept liability for a non-diverse defendant under Section 542A.006, and that election establishes the impossibility of recovery against the non-diverse defendant in state court at the time of removal, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes**.

*Bexar Diversified MF-1, LLC v. General Star Indemnity Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *4 (W.D. Tex. Nov. 18, 2019) (internal citations omitted) (emphasis added).

13. Voyager Indemnity provided written notice to Plaintiff on April 17, 2020 of its acceptance of any liability its agent, Billy Bounds, may have to Plaintiff.[12] Thus, as discussed in *Bexar Diversified*, Mr. Bounds was must be dismissed from this action, and his citizenship must

---

[12] *See* Ex. E, at p. 1.

be disregarded for purposes of determining diversity and subject matter jurisdiction.[13] Only the citizenship of Plaintiff (Texas) and Voyager Indemnity (Georgia) are at issue.

14. No change of citizenship has occurred for the parties since commencement of the state court action. Accordingly, diversity of citizenship exists among the remaining parties to the litigation.

## V. AMOUNT IN CONTROVERSY

15. In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options. The defendant may (1) remove the case immediately, if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or (2) the defendant may wait until the plaintiff expressly pleads that the amount in controversy exceeds that amount or serves some "other paper" indicating that the amount in controversy exceeds that amount. 28 U.S.C. §§ 1446(b)(3), (c)(3)(A); *Bosky v. Kroger Texas LP*, 288 F.3d 208, *passim* (5th Cir. 2002).

16. Here, this case became removable, at the earliest, upon American Security's receipt of Plaintiff's Original Petition on March 23, 2020, wherein Plaintiff asserted that they seek monetary relief over $1,000,000.00.[14] Thus, Plaintiff's Original Petition establishes that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

---

[13] As the *Bexar Diversified* court discussed, there is no requirement that the insurer move the state court to dismiss the agent before removal. *Id.* at *5.

[14] *See* Ex. B-1, ¶ 2. Arguably, this matter did not become removable until Voyager Indemnity was named as a defendant on April 13, 2020.

## VI.     VENUE

17. Venue lies in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), because Plaintiff filed the state court action in this judicial district and division.

## VII.     NOTICE

18. Voyager Indemnity will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Voyager Indemnity will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## VIII.     STATE COURT PLEADINGS

19. Copies of all state court pleadings and orders are attached to this Notice of Removal.

## IX.     EXHIBITS TO NOTICE OF REMOVAL

20. The following documents are attached to this Notice as corresponding numbered exhibits:

    A. All Executed Process in this case;

    B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings;

        1. Plaintiff's Original Petition;

        2. Plaintiff's Amended Petition;

        3. Defendant Voyager Indemnity Insurance Company's Original Answer;

    C.     Docket Sheet;

    D.     Citizenship Documents;

    E.     Voyager Indemnity's 542A.006 Election.

## X.    CONCLUSION

WHEREFORE, Defendant Voyager Indemnity Insurance Company, pursuant to the statutes cited herein, removes this action from the 438th Judicial District Court of Bexar County, Texas to this Court.

Dated: April 20, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Brian A. Srubar
    State Bar No. 24098460
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: 713-337-5580
Facsimile: 713-337-8850
brad.aiken@mhllp.com
brian.srubar@mhllp.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing has been served on April 20, 2020, on the following counsel and parties of record by Certified Mail:

Jacqueline M. Sandoval
Marc K. Whyte
MARC WHYTE LAW FIRM LLC
1045 Cheever Boulevard, Suite 103
San Antonio, Texas 78217
jacqueline@pdattorney.com
mwhyte@whytepllc.com

*Attorney for Plaintiff*

               */s/ Brian A. Srubar*
                Brian A. Srubar